IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DE WITT LAMAR LONG, #A1024631, | ) ) ) | CIV. NO. 19-00235 JMS-RT |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE |
| vs. | ) ) | |
| SGT SUGAI; LYLE ANTONIO; SGT. WYATT; MS. TORRES; INMATE GRIEVANCE OFFICER (IGO) JOHN DOE(S) 1-50, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT IN PART AND DIRECTING SERVICE

Before the court is pro se Plaintiff De Witt Lamar Long's prisoner civil rights Complaint. ECF No. 1. Long challenges events that allegedly occurred at the Halawa Correctional Facility ("HCF") between February 4, 2016 and June 27, 2017.[1] Long alleges Defendants HCF staff Sgt. Sugai, Chief of Security ("COS") Lyle Antonio, Sgt. Wyatt, Case Manager Ms. Torres, and Inmate Grievance Officer

---

[1] Long signed the Complaint on April 9, 2019, apparently gave it to prison authorities for mailing on April 25, and the court received and filed it on May 6, 2019.

("IGO") John or Jane Doe 1-50 violated his rights under the First and Fourteenth Amendments. Long names Defendants in their official and individual capacities.

For the following reasons, Counts IV and V, as alleged against Defendants Ms. Torres and IGO John or Jane Doe 1-50 are DISMISSED without prejudice. Long's claims in Counts I to III state a colorable claim for relief and shall be served on Defendants Sgt. Sugai, COS Antonio, and Sgt. Wyatt, who are required to file a response. *See* 42 U.S.C. § 1997e(a).

## I. BACKGROUND

Long is a practicing, recognized Muslim at HCF. He alleges that Sgt. Sugai often failed to provide him halal meals starting in February 2016, although Long was on the halal meal list.[2] ECF No. 1, PageID #8 (Count I). Long alleges Sugai would substitute kosher or vegetarian meals for his halal meal, although vegetarian meals are allegedly prepared with utensils that are used to prepare regular meals and may come into contact with pork, which is forbidden under Islamic dietary rules. When Long protested, Sugai allegedly retaliated by making him collect his meals from the cafeteria but eat in the module. Long also alleges Sugai ordered the cafeteria to provide Long smaller portions, and pork on occasion.

---

[2] Halal meals must be prepared under Islamic dietary laws. *See* https://en.wikipedia.org/wiki/Islamic_dietary_laws (last visited 05/20/2019).

On or about May 8, 2017, Long was moved from general population housing to the High Security Unit ("SHU"). Long alleges that COS Antonio refused to allow him to attend Friday afternoon Muslim services, which are held in the general population module, in retaliation for filing grievances. *Id.*, PageID #9 (Count II). This continued throughout Ramadan, which was observed between May 26 and June 27, 2017.

Long further alleges that, during the month of Ramadan, when practicing Muslims fast between sunrise and sunset, his meals were brought to the SHU four hours before sunset, and became cold and inedible before he could eat. *Id.*, PageID #10 (Count III). When Long asked Sgt. Wyatt to heat his meals in a microwave or provide hot meals, Wyatt refused.

Long alleges that he spoke with and wrote to case manager Ms. Torres between May 10 and June 28, 2017, and filed grievances concerning his request to attend Muslim services. *Id.*, PageID #12 (Count IV). On one occasion, Ms. Torres returned a grievance, stating it was duplicative of a pending grievance. Long complains that Ms. Torres failed to intervene and assist him.

Finally, Long complains that an unknown IGO denied him due process when he or she failed to respond to a step one grievance, and then denied his step two grievance as mooted by his transfer to Arizona on June 28, 2017.

Long seeks $77,000 in compensatory damages and injunctive relief allowing SHU inmates to attend Friday services and requiring halal meals to be served hot during Ramadan.

## II. <u>SCREENING</u>

The court must screen all civil actions brought by prisoners proceeding in forma pauperis or seeking redress from a government entity, officer, or employee. 28 U.S.C. §§ 1915(e)(2) & 1915A(a). Complaints or claims that are frivolous, malicious, fail to state a claim, or seek relief from a defendant who is immune from such relief must be dismissed. 28 U.S.C. §§ 1915(e)(2) & 1915A(b); 42 U.S.C. § 1997e(c)(1).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, a plaintiff must plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend should be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

### III. DISCUSSION

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.      Immunities and Prospective Injunctive Relief**

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). Defendants named in their official capacities are subject only to suit "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law" under § 1983. *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (citation omitted); *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Long does not allege that he is currently being denied accommodations for his religion at HCF. Rather, he challenges events that began and ended approximately two to three years ago. Long may not seek prospective injunctive relief on behalf of other prisoners. *See White v. Geren*, 310 F. App'x 159, 160 (9th Cir. 2009) (stating pro se plaintiff is unable to act as an adequate class representative); 28 U.S.C. § 1654; *Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1308 (9th Cir. 1982) (stating a party cannot assert rights of third parties).

Long's claims for injunctive relief and his claims for damages against all Defendants named in their official capacities are DISMISSED with prejudice.

**B.     First Amendment**

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. Const. amend. I.

### *1.     Free Exercise Clause*

To state a First Amendment, free-exercise-of-religion claim, a prisoner must allege that a defendant substantially burdened the practice of his religion by preventing him from engaging in a sincerely held religious belief, and that the defendant did so without any justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008). Thus, a prisoner must identify the sincerely held religious belief, the defendant who substantially burdened the practice of his religion, and the actions that particular defendant took to substantially burden the practice of his religion. *Jones v. Arizona Dep't of Corr.*, 2016 WL 2606990, at *7 (D. Ariz. May 6, 2016).

Long states colorable claims against Sgt. Sugai, COS Antonio, and Sgt. Wyatt in Counts I to III and these claims shall be served and require a response.

### *2.     Retaliation*

"Prisoners have a First Amendment right to file grievances against prison officials and to be free from retaliation for doing so." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (citation omitted); *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989). To state a viable First Amendment retaliation claim, a prisoner must allege: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *see Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (observing prisoner "must show that there were no legitimate correctional purposes motivating the actions he complained of").

Long states colorable retaliation claims against Sgt. Sugai and COS Antonio in Counts I and II and these claims shall be served and require a response.

### 3. *Failure to Intervene*

Long alleges that Ms. Torres returned a grievance to him because it was a duplicate of a pending grievance. He says that he is allowed to file two grievances to different prison officials regarding his claims by prison policy. He alleges Ms.

Torres failed to intervene when she was aware of his religion issues through the grievance process.

Simply because Ms. Torres was aware of Long's claims and returned a grievance to him does not make her personally involved with his discrimination or retaliation claims. Nothing suggests Ms. Torres had the power to order prison staff to ensure he received proper, hot, timely halal meals, or to direct that he be allowed to leave the SHU to attend religious services in the general population. Long fails to allege sufficient facts to state a colorable claim for interference with his religion against Ms. Torres and Count IV is DISMISSED without prejudice.

**C. Due Process Claim**

There is no federal constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Prison officials are not liable for a due process violation for failing to process a grievance

or appeal or for failing to find in the prisoner's favor.[3] Long's due process claim in Count V against IGO John or Jane Doe 1-50 is DISMISSED without prejudice.

## IV. CONCLUSION

(1) Long's claims against Defendants Sgt. Sugai, Chief of Security Lyle Antonio, and Sgt. Wyatt in Counts I-III are colorable and shall be served.

(2) Long's claims against Defendants Ms. Torres and John or Jane Doe 1-50 are DISMISSED without prejudice for failure to state a colorable claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

## V. SERVICE ORDER

IT IS HEREBY ORDERED:

(1) The Clerk shall send the U.S. Marshal a copy of this Order and one completed summons for Defendants Sgt. Sugai, COS Lyle Antonio, and Sgt. Wyatt. The U.S. Marshals Service shall open a file and retain these documents for use in the event that Sugai, Antonio, or Wyatt decline to waive service of the summons.

---

[3] Long's allegation that an HCF IGO denied his grievances as moot when he transferred to Arizona, likely denying him the ability to fully exhaust his claims, may be used as evidence to defeat a motion for summary judgment for Long's failure to exhaust. *See* 42 U.S.C. § 1997e(a).

(2)  Per agreement with the Hawaii Department of Public Safety ("DPS"), the Clerk shall provide by electronic means to **DPS liaisons Shelley Harrington** and **Laurie Nadamoto**:  (a) a copy of the Complaint, a copy of this Order, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendants Sgt. Sugai, COS Lyle Antonio, and Sgt. Wyatt; and (b) two completed Waiver of Service of Summons forms for Sgt. Sugai, COS Lyle Antonio, and Sgt. Wyatt.

(3)  Defendants shall have **30 days** after the request for waiver of service of summons is sent to **return the waiver to the U.S. Marshal, who shall file the waiver with the court**.  If any Defendant fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, who will direct the U.S. Marshal to personally serve the summons and complaint on that Defendant.  A personally served Defendant shall be required to pay the costs of personal service.

(4)  Defendants Sgt. Sugai, COS Lyle Antonio, and Sgt. Wyatt shall respond to Plaintiff's Complaint **within 60** days after electronic service if formal service is waived, or **45 days** if service of the summons is not waived.

(5) Long shall promptly notify the court of any change of address.  This notice shall contain only information about the change of address and its effective

date and shall not include requests for other relief.  Failure to file such notice may result in the dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6)  After Defendants have filed a response to the Complaint, Long's documents are deemed served on any Defendant(s) or their attorney(s) who participate in the court's Case Management Electronic Case Filing (CM/ECF) system.  The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 23, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Long v. Sgt. Sugai, et al.*, Civ. No. 19 00235 JMS RT; scrn '19 (st cl. 1am. retal, dir. SVC)